IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL NO.   3:23-cr-15 |
| Plaintiff, ) | |
| ) | DEFENDANT'S SENTENCING |
| vs. ) | MEMORANDUM |
| ) | |
| DONALD DALE PING, ) | |
| ) | |
| Defendant. ) | |

**TABLE OF CONTENTS**

I.     INTRODUCTION………………………………………………………………………1

II.    SENTENCING PROCEDURE……………………………………………………….2

III.   PURSUANT TO THE FACTORS SET FORTH IN 18 U.S.C. § 3553(a), A SENTENCE BELOW THE ADVISORY GUIDELINE RANGE IS SUFFICIENT…………….….. 2

IV.   PROPOSED SPECIAL CONDITIONS IN PARAGRAPHS 124-126……………………..7

V.    CONCLUSION……………………………………………………………………......7

**I.     INTRODUCTION**

On August 8, 2023, Mr. Ping accepted responsibility for his conduct by pleading guilty to Possession of Child Pornography.   This matter is scheduled for a sentencing hearing on January 23, 2024.   The final presentence report calculated a total offense level of 26, and a criminal history category of I, resulting in an advisory sentencing guideline range of 63-78 months.   (PSR, ¶ 99).   The statutory maximum term of imprisonment is twenty years. (PSR, ¶ 98).   There is no mandatory minimum.   Mr. Ping does not object to these calculations.   However, he is requesting a downward variance because a sentence below the advisory guideline range would be sufficient,

1

but not greater than necessary, to comply with the purposes of sentencing.

**II.    SENTENCING PROCEDURE.**

The United States Supreme Court, in *United States v. Booker*, 125 S. Ct. 738(2005), held that the United States Sentencing Guidelines are advisory, as opposed to mandatory. *Id*. 125 S. Ct. at 757.

> "Thus, the sentencing court must first determine the appropriate guidelines sentencing range, since that range does remain an important factor to be considered in the imposition of a sentence...Once the applicable range is determined, the court should then decide if a traditional departure is appropriate under Part K and/or §4A1.3 of the Federal Sentencing Guidelines. Those considerations will result in a 'guidelines sentence.' Once the guidelines sentence is determined, the court shall then consider all other factors set forth in §3553(a) to determine whether to impose a sentence under the guidelines or a non-guidelines sentence."

*United States v. Haack*, 403 F.3d 997, 1003 (8th Cir. 2005).

**III.   PURSUANT TO THE FACTORS SET FORTH IN 18 U.S.C. § 3553(a), A SENTENCE BELOW THE ADVISORY GUIDELINE RANGE IS SUFFICIENT.**

A. <u>Legal Authority</u>

It is well established that the court shall consider all factors set forth in 18 U.S.C. § 3553(a) to determine whether a sentence is sufficient, but not greater than necessary, to address the sentencing purposes outlined in paragraph 2 of this subsection. *See United States v. Haack*, 403 F.3d 997,1003 (8th Cir. 2005). Paragraph 2 provides the following stated purposes:

> "The need for the sentencing imposed - A) to reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense; B) to afford adequate deterrence to criminal conduct; C) to protect the public from further crimes of the defendant; and D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

The sentencing factors to be considered by the court include the nature and circumstances of the offense, the history and characteristics of the defendant, and the kinds of sentences

available. 18 U.S.C. § 3553(a)(1). In addition to these sentencing factors, the court is permitted to entertain policy considerations pertinent to the relevant guideline section. *Rita v. United States*, 127 S. Ct. 2456, 24654 (2007). The court may vary outside of the guideline range based on a policy disagreement with the underlying guideline section. *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007). The sentencing court "may not presume that the guidelines range is reasonable," but rather "must make an individualized assessment based on the facts presented to arrive at a sentence that is sufficient, but not greater than necessary." *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

    B.  <u>Analysis of §2G2.2</u>

One problem with USSG §2G2.2 is that the applicable guideline range is substantially inflated based on factors that do not take into account the individual circumstances of the case. In December of 2012, the Federal Sentencing Commission released a report to Congress addressing this issue. *See United States Sentencing Commission's Report to Congress: Federal Child Pornography Offenses* (2012) ["*Commission's Report*"]. The report in large part was a response to the number of below-guideline sentences in cases involving child pornography guidelines for non-production offenders. *Id*. at ii. The report notes that "as a result of recent changes in the computer and Internet technologies that typical non-production offenders use, the existing sentencing scheme in non-production cases no longer adequately distinguishes among offenders based on their degrees of culpability." *Id.* at 323. Enhancements for the use of the computer, the type of images and the volume of images "now apply to most offenders." *Id*. at 209, 323. Thus, the guideline "fails to differentiate among offenders in terms of their culpability." *Id*.

3

While the individual circumstances relating to culpability may vary significantly, the enhancements are applied in equal force.   Certain enhancements apply in most every case and are not effective in differentiating aggravated offenses.   Based on 2022 statistics published by the United States Sentencing Commission, these enhancements were applied with the following regularity:

| Material involving a minor under 12 ( §2G2.2(b)(2)) | 93.4% |
| Use of computer (§2G2.2(b)(6)) | 96.6% |

*See United States Sentencing Commission, Use of Guidelines and Specific Offense Characteristics for fiscal year* 2022, available at http://www.ussc.gov.

In finding §2G2.2 ill-suited to fashioning a reasonable sentence, the Court in *United States v. Beiermann, 599 F.Supp. 2d 1087, 1105 (N.D. Iowa 2009),* found that the guideline "impermissibly and illogically skews sentences for even average defendants to the upper end of the statutory range, regardless of the particular defendant's acceptance of responsibility, criminal history, specific conduct, or degree of culpability."   The court further found that the guideline enhancements, "some quite extreme, are based on circumstances that appear in nearly every child pornography case: using the internet, amassing numerous images (made particularly easy by the internet), presence of video clips counted as 75 images each, presence of images of prepubescent minors and violence (broadly defined to include a prepubescent minor engaged in a sex act)...." *Id*.   For those reasons, the court rejected the advisory guideline range on policy grounds.   *Id.* Several of the enhancements discussed by the Court in *Beiermann* are present in this case as well.

Although the defendant's conduct in the present case was committed in a manner very typical of his charge, his guideline range is enhanced well above the base offense level. These enhancements correlate to commission of the offense with the use of computer technology, rather than to aggravated personal characteristics or offense conduct. The enhancements contained in the above chart have the following impact on the defendant's offense level:

| | |
|---|---|
| Material involving a minor under 12 ( § 2G2.2(b)(2)) | +2 |
| Use of computer (§2G2.2(b)(6)) | +2 |
| **TOTAL ENHANCEMENT** | **+4** |

These enhancements, inherent to the commission of the offense, increase the defendant's advisory sentencing guideline range from 41-51 months to 63-78 months. Some courts have also ruled that because the applicable guideline was not adopted following the normal empirical approach, it is entitled to less deference than other guideline provisions. *See United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010) and *United States v. Grober*, 624 F.3d 592, 608 (3d Cir. 2010).

  C. The History and Characteristics of Mr. Ping.

Mr. Ping is 53 years of age. As a child, while his basic needs were always met, his family occasionally used government services. (PSR, ¶ 62). Mr. Ping was both emotionally and physically abused by his father. *Id*. Mr. Ping earned his GED on April 28, 1989. (PSR, ¶ 83). He served in the United States Army from January 26, 1989, to July 26, 1989, however, he received an uncharacterized discharge during his basic training after he could not complete the

physical test. (PSR, ¶ 91). Mr. Ping earned his commercial driver's license in 2002, but it expired in 2013 due to ongoing issues with his eyesight. (PSR, ¶ 84). Mr. Ping had stable employment until his arrest in this case. (PSR, ¶ 86). In 2001, he was diagnosed with depression. (PSR, ¶ 74). He also experiences symptoms of post-traumatic stress disorder. (PSR, ¶ 75). He is not prescribed any medications at the Muscatine Jail. However, he is interested in future mental health treatment. (PSR, ¶ 75).

Mr. Ping has no prior criminal convictions or other arrests. (PSR, ¶¶ 55-60). Therefore, even a minimal prison sentence would be very significant to him, as it would have a more punitive effect on him than on someone who has been to prison before and chosen to reoffend. This consideration is relevant to the Court's determination of what type of sentence would constitute "just punishment." *See United States v. Baker*, 445 F.3d 987, 992 (7th Cir. 2006).

Following Mr. Ping's sentence, there will be a mandatory period of supervised release. His recommended conditions include: sex offender treatment, no contact with minors, no unauthorized access to a computer or related device, and a submission to searches conducted by the probation office. Thus, the supervision will result in close monitoring over a lengthy period of time.

Based on all of the relevant 18 U.S.C. § 3553(a) factors, a downward variance is appropriate in the present case. First, the applicable guideline provision does not adequately reflect the specific characteristics of Mr. Ping. Second, because the applicable guideline was not adopted following the normal empirical approach, it is entitled to less deference than other guideline provisions. Third, as was demonstrated above, there are many individual mitigating factors in Mr. Ping's case. Fourth, this case involved a relatively low number of images.

(PSR, ¶ 31). Fifth, he has not incurred any violations while in custody at the Muscatine County Jail. (PSR, ¶ 10). Finally, Mr. Ping's conduct in this case ended on November 22, 2021. (PSR, ¶ 23). He was not indicted until February 7, 2023, and he has been in federal custody since March 4, 2023. There is no indication that he returned to this type of activity after his initial contact with law enforcement on November 22, 2021.

## IV.  PROPOSED SPECIAL CONDITIONS IN PARAGRAPH 124-126.

18 U.S.C. § 3583(d) provides that a special condition of supervised release must:

(1) be reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a);
(2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and
(3) be consistent with any pertinent policy statements issued by the Sentencing Commission.

The proposed special conditions of supervised release in paragraphs 124-126 appear to be related to an anticipated restitution order. To date, it does not appear that any claim for restitution has been made. (PSR, ¶ 36). Therefore, there is no basis for the special conditions described in paragraphs 124-126, and Mr. Ping objects to those proposed conditions.

## V.  CONCLUSION

WHEREFORE, Mr. Ping respectfully requests that the Court impose a sentence which is less than the advisory guideline range in this case.

          FEDERAL DEFENDER'S OFFICE
          CBI Bank & Trust Building
          101 W. 2nd Street, Suite 401
          Davenport, Iowa 52801-1815
          TELEPHONE:  (563) 322-8931
          TELEFAX:  (563) 383-0052
          EMAIL:  terry_mcatee@fd.org

          By:  /s/ *Terence McAtee*
              **Terence McAtee**
              Assistant Federal Defender
              ATTORNEY FOR DEFENDANT

cc: Andrea Glasgow, AUSA

CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2024, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

        /s/